IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   20-cv-01016-KLM

ASHLEY HODEN,

     Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

     Defendant.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Motion to Compel Responses to Written Discovery Requests and for Attorney Fees Under Fed. R. Civ. P. 37** [#47][1] (the "Motion").   Plaintiff filed a Response [#50] in opposition to the Motion [#47], and Defendant filed a Reply [#51].   The Court has reviewed the briefs, the entire case file, and the applicable law, and is sufficiently advised in the premises.   For the reasons set forth below, the Motion [#47] is **GRANTED in part and DENIED in part**.

**I.   Background**

On November 19, 2020, Plaintiff served her Supplemental Responses to Defendant's First Set of Written Discovery [#47-1].   On January 4, 2021, Plaintiff served

---

    [1]   [#47] is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF).   This convention is used throughout this Order.

her Responses to Defendant's Second Set of Written Discovery [#47-2].   In the present Motion [#47], Defendant seeks to compel responses to Interrogatories 15 and 18 and Requests for Production 5 and 17, all of which directly or indirectly relate to Plaintiff's workers' compensation claim.   Plaintiff's objections to all four of these written discovery requests, are identical: "Plaintiff's claims are not barred or reduced by receipt of collateral source payments pursuant to C.R.S. § 13-21-111.6.   Defendant has already been provided all relevant billing records.   Plaintiff will satisfy any liens or rights of subrogation out of the proceeds of her claim.   Any information sought by this interrogatory is not likely to lead to admissible evidence and is irrelevant."   *See* [#47-1, #47-2].

The discovery cut-off was March 1, 2021.   *Minute Order* [#28].   On April 21, 2021, the Colorado Supreme Court issued two decisions, *Gill v. Waltz*, 484 P.3d 691 (Colo. 2021), and *Delta Air Lines, Inc. v. Scholle*, 484 P.3d 695 (Colo. 2021), which Defendant argues impact whether Plaintiff must fully respond to Interrogatories 15 and 18 and Requests for Production 5 and 17.   The parties were unable to reach agreement on the issue during conferral, and so on May 18, 2021, less than a month after *Gill* and *Scholle* were issued, Defendant contacted the Court through the undersigned's discovery dispute resolution procedures.   After the Court reviewed the dispute, the parties were directed to brief the issue, and Defendant timely filed the present Motion [#47], seeking to compel responses to Interrogatories 15 and 18 and Requests for Production 5 and 17 and for attorney fees under Fed. R. Civ. P. 37(a)(5)(A).

## II.  Legal Standard

Pursuant to Fed. R. Civ. P. 26(b)(1), parties may obtain discovery regarding any

–2–

nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.   The test for allowing discovery of information or documents is whether the information is relevant to the claim or defense of any party.   Fed. R. Civ. P. 26(b)(1).   This is a deliberately broad standard which is meant to allow the parties to discover the information necessary to prove or disprove their cases.   *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995); *Simpson v. Univ. of Colo.*, 220 F.R.D. 354, 365 (D. Colo. 2004).   However, where the burden of producing relevant discovery outweighs the likely benefit, the Court has discretion to limit the discovery requested. Fed. R. Civ. P. 26(b)(2)(C); *see Qwest Commc'ns Int'l v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003).

On a motion to compel, the moving party bears the initial burden of establishing that the requested information is relevant under Rule 26.   *Fox v. Morreale Hotels, LLC*, No. 10-cv-03135-RPM-MJW, 2001 WL 2894066, at *2 (D. Colo. July 20, 2011).   The objecting party bears the burden to show why a discovery request is objectionable. *Klesch & Co. v. Liberty Media Corp.*, 217 F.R.D. 517, 524 (D. Colo. 2003).

### III.   Analysis

### A.   Motion to Compel

At the outset, the Court notes that the Motion [#47] is about *discoverability* of information, not about its *admissibility*.   "[I]t is axiomatic that discovery is distinct from admissibility, and courts in this District have repeatedly noted that a finding of discoverability is not a determination of admissibility."   *Ledezma v. Young Life*, No. 20-cv-01896-NYW, 2021 WL 2823261, at *9 (D. Colo. Jan. 8, 2021); *see also* Fed. R. Civ.

P. 26(b)(1) ("Information within this scope of discovery need not be admissible in evidence to be discoverable.").   Thus, the Court rejects Plaintiff's arguments to the extent Plaintiff asserts or implies that the requested information is not discoverable because it is not admissible.

In *Gill* and *Scholle*, the Colorado Supreme Court "consider[ed] the consequences for an injured employee's claims against a third-party tortfeasor when the employee's workers' compensation insurer settles its subrogation claim with that tortfeasor." *Scholle*, 484 P.3d at 697.   The Supreme Court ultimately determined that when "a workers' compensation insurer settles its subrogation claim for reimbursement of medical expenses with a third-party tortfeasor, the injured employee's claim for past medical expenses is extinguished completely.   Because the injured employee need not present evidence of either billed or paid medical expenses in the absence of a viable claim for such expenses, the collateral source rule is not implicated under these circumstances." *Id.*   Defendant argues that these holdings make information about Plaintiff's workers' compensation claim "highly relevant to this case."   *Motion* [#47] at 5.

Plaintiff primarily objects to the discovery requests based on the collateral source rule.   *Response* [#50] at 2-3.   There is no dispute here that Plaintiff filed a workers' compensation claim in connection with the accident at issue, that the claim was settled, and that she was paid between $40,000 and $50,000 by the worker's compensation insurance carrier.   *Motion* [#47] at 2-3; *Response* [#50 at 1, 4 (admitting that "some of [Plaintiff's] medical care was paid by Pinnacol Assurance, her workers' comp carrier"). She also admits that she was paid $25,000 by the tortfeasor's insurance carrier.

–4–

*Response* [#50] at 4.   There does not appear to be any material difference between *Scholle* and *Gill* and this case, even though here Plaintiff filed the workers' compensation claim and Plaintiff settled the claim, and Plaintiff filed the claim against the tortfeasor and Plaintiff settled the claim. In other words, the procedural difference between a third-party case, like *Scholl* and *Gill,* and a first-party case, like this one, appears immaterial to the legal principle at issue. The point of *Scholle* and *Gill* is that, to the extent the workers' compensation settlement covers past medical expenses, Plaintiff's claim for those expenses has been extinguished.   The collateral source rule is therefore "not implicated" in a subsequent automobile insurance action, because "there is no reason to present evidence of either the amounts billed or the amounts paid" for services which were paid for by workers' compensation insurance.   *Gill*, 484 P.3d at 694.   This means that, under the holdings of *Scholle* and *Gill*, Defendant is entitled to know how much of Plaintiff's medical expenses have been paid by the workers' compensation settlement.   Thus, Plaintiff's objections based on the collateral source rule are overruled.

Plaintiff is suing Defendant, the non-workers' compensation insurance carrier, for underinsured motorist ("UIM") benefits.   According to Colo. Rev. Stat. § 10–4–609, such benefits cover damage for bodily injury or death that an insured is legally entitled to collect from the owner or driver of an underinsured motor vehicle.   Logically, such "damage" includes medical bills; notably, Plaintiff has not asserted that she is not seeking payment of medical bills from Defendant.   Rather, Plaintiff admits that her "medical bills were paid by Pinnacol [the workers' compensation carrier] which paid the amounts set forth under the workers' compensation schedule," but also asserts that her medical expenses

–5–

exceeded $75,000.  *Response* [#50] at 4.   The amount of her settlement with the tortfeasor was $25,000.  *Id.*   The amount Plaintiff testified that she obtained from the workers' compensation carrier was between $40,000 and $50,000.   *Def.'s Ex. C, Depo. of Pl.* [#47-3] at 118.   It is *possible*, then, if all the settlement monies she has received so far equal or exceed her medical expenses, that she *may* have been fully compensated for those expenses.   However, *Scholle* and *Gill* only apply to extinguishment of medical expenses when they are paid by workers' compensation insurance payments.   *See Scholle*, 484 P.3d at 697.   Therefore, the Court concludes that Defendant is entitled to see Plaintiff's workers' compensation file and medical bills to attempt to determine which medical bills have been paid by workers' compensation insurance, which resulted in extinguishment of Plaintiff's claim for them.

Accordingly, the Motion [#47] is **granted** to the extent Defendant seeks to compel Plaintiff's responses to Defendant's Interrogatories 15 and 18 and Requests for Production 5 and 17.  **Plaintiff shall provide responses within ten (10) days from the date of this Order.**

## B.   Motion for Attorney Fees

Defendant also asks for an award of attorney fees under Rule 37(a)(5)(A).   *Motion* [#47] at 10.

Pursuant to Fed. R. Civ. P 37(a)(1), "a party may move for an order compelling disclosure or discovery."   Pursuant to Fed. R. Civ. P. 37(a)(5)(A), "[i]f the motion is granted . . . the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or

both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."   However, "the court must not order this payment if: . . . (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."   Fed. R. Civ. P. 37(a)(5)(A).

Regarding substantial justification, "[a] party is substantially justified in opposing discovery . . . if there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action."   *DCD Partners, LLC v. Albracht*, 17-mc-00007-CMA-KLM, 2018 WL 6061295, at *4 (D. Colo. Nov. 20, 2018) (internal quotation marks omitted).   The test is objective, and no showing of bad faith is required.   *Id.*

Having thoroughly reviewed the briefs, the Court cannot find that Plaintiff's argument was not substantially justified.   Although Plaintiff was ultimately unsuccessful, at minimum she made a colorable argument regarding why the application of two new Colorado Supreme Court opinions did not alter her position regarding the discovery responses at issue.   Although the facts of *Scholle* and *Gill* are similar to those here, they are not identical, and Plaintiff made a reasonable attempt to distinguish those facts and the application of those holdings to this case.

Accordingly, the Motion [#47] is **denied** with respect to Defendant's request for attorney fees.

### III.   Conclusion

For the reasons stated above,

IT IS HEREBY **ORDERED** that the Motion [#47] is **GRANTED in part and DENIED in part**.   The Motion is **granted** to the extent that Plaintiff shall respond to Defendant's

–7–

Interrogatories 15 and 18 and Requests for Production 5 and 17 **no later than September 30, 2021**.  The Motion is **denied** to the extent Defendant seeks attorney fees.

DATED: September 20, 2021

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge